**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mia Coon, | No. CV-25-03334-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| A-Team Home Services LLC, et al., | |
| Defendants. | |

This case was filed on September 11, 2025 (Doc. 1), and all Defendants were served on December 12, 2025 (Docs. 9, 10, 11).

On December 23, 2025, Defendants Corey J. Taylor and Megan A. Taylor ("the Taylors") filed a notice of filing bankruptcy. (Doc. 8.)

A petition for bankruptcy "operates as a stay" as to, *inter alia*, "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the [bankruptcy case]." 11 U.S.C. § 362(a)(1). However, "for purposes of application of the automatic stay, a single case may include several 'actions or proceedings.'" *Parker v. Bain*, 68 F.3d 1131, 1137 (9th Cir. 1995). "Multiple claim and multiple party litigation must be disaggregated so that particular claims, counterclaims, cross claims and third-party claims are treated independently when determining which of their respective proceedings are subject to the bankruptcy stay."

*Id.* "As a general rule, the automatic stay of section 362(a) protects only the debtor, property of the debtor or property of the estate. It does not protect non-debtor parties or their property." *In re Chugach Forest Prods., Inc.*, 23 F.3d 241, 246 (9th Cir. 1994) (cleaned up).

On the current record, it does not appear that Defendant A-Team Home Services LLC has declared bankruptcy or is otherwise affected by the Taylors' bankruptcy. Thus, Plaintiff is ordered to show cause why her claims against A-Team Home Services LLC should not be dismissed for failure to prosecute.

"It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution." *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984). "When considering whether to dismiss a case for lack of prosecution, the district court must weigh the court's need to manage its docket, the public interest in expeditious resolution of litigation, and the risk of prejudice to the defendants against the policy favoring disposition of cases on their merits, and the availability of less drastic sanctions." *Id.* "Only 'unreasonable' delay will support a dismissal for lack of prosecution." *Id.* The Ninth Circuit has affirmed dismissal *without prejudice* for a delay as short as four weeks, noting that "[a] relatively brief period of delay is sufficient to justify the district court's sending a litigant to the back of the line." *Id.* at 497.

Accordingly,

**IT IS ORDERED** that Plaintiff shall, by **April 10, 2026**, file a memorandum, not to exceed ten pages, showing cause why her claims against A-Team Home Services LLC should not be dismissed for failure to prosecute.

Dated this 20th day of March, 2026.

_____
Dominic W. Lanza
United States District Judge